IN THE UNITED STATES BANKRUPTCY COURT
FOR THE NORTHERN DISTRICT OF OKLAHOMA

| | | |
|---|---|---|
| IN RE: | § § | |
| LYNCH, STEPHEN NICOLAS | § | Case No. 11-12457-M |
| LYNCH, GWENNA KAY | § § | Chapter 11 |
| Debtors. | § § § | |
| KLEINCO RESIDENTIAL CONSTRUCTION, LLC, An Oklahoma limited liability company, Plaintiff, | § § § § | |
| v. | § § § | Adv. Case No. _____ |
| STEPHEN NICOLAS LYNCH and GWENNA KAY LYNCH, Defendants. | § § § § | |

### ADVERSARY COMPLAINT

Kleinco Residential Construction, LLC, an Oklahoma limited liability company ("Kleinco" or the "Creditor") hereby files its Adversary Complaint against Defendants Stephen Nicolas Lynch ("Nicolas Lynch") and Gwenna Kay Lynch ("Gwenna Lynch") (collectively, the "Debtors" or "Defendants"), and objects to the dischargeability of the Debtors' debt to Kleinco pursuant to 11 U.S.C. §§ 523(a)(2)(A) and 523(a)(4), and Federal Rules of Bankruptcy Procedure 7001(6). In support hereof, Kleinco states as follows:

### FACTUAL BACKGROUND

1. On August 25, 2011 (the "Petition Date"), the Debtors filed their voluntary petition with this Court for relief under Chapter 11 of the United States Bankruptcy Code (the "Bankruptcy Code") [Docket No. 1].

1

2. On October 10, 2011, the Debtors filed their Bankruptcy Schedules and Statement of Financial Affairs [Docket No. 35]. On Schedule F of their Bankruptcy Schedules, the Debtors have listed Kleinco as a creditor holding a disputed, unliquidated, contingent unsecured claim in the amount of $1,200,000.00.

3. On October 11, 2011, on the request of the Debtors, this case was converted to a proceeding under Chapter 7 of the Bankruptcy Code and January 9, 2012 was set as the deadline to object to the dischargeability of debts [Docket No. 38].

4. Kleinco is an Oklahoma limited liability company with its principal place of business in Tulsa, Oklahoma. Kleinco is in the business of building residential homes in northeastern Oklahoma. Kleinco is a creditor of the Debtors and has standing to request the relief sought herein pursuant to 11 U.S.C. § 523(a)(2)(A) and § 523(a)(4).

5. This matter is a "core" proceeding pursuant to 28 U.S.C. § 157(b)(2)(I) as an action brought pursuant to 11 U.S.C. § 523 of the Bankruptcy Code and Federal Rule of Bankruptcy Procedure 7001(6).

6. This Court has jurisdiction over the parties and subject matter hereto pursuant to 28 U.S.C. § 1334.

## GENERAL ALLEGATIONS

7. Kleinco incorporates by reference paragraphs 1 through 6 above and further alleges and states as follows:

8. The allegations in this adversary proceeding are virtually identical to allegations against the Debtors that have been asserted in a lawsuit currently pending in the Tulsa County District Court styled as *Kleinco Residential Construction, LLC vs. Gwenna Kay Lynch and Stephen N. Lynch*, Tulsa County Case No. CJ-2008-8160 (the "State Court Case"). The State

Court Case was filed on November 20, 2008, and was moving toward a trial when the bankruptcy case was filed. The Debtors have listed the State Court Case in their response to question number 4 in the Statement of Financial Affairs [Docket No. 35].

9. On March 14, 2006, Kleinco filed its Articles of Organization with the Oklahoma Secretary of State and became an active Oklahoma limited liability company on the same day.

10. Pursuant to Kleinco's Operating Agreement dated March 14, 2006, Gwenna Lynch owned a 49% member's interest in Kleinco and served as a manager and employee of Kleinco.

11. During her employment, Gwenna Lynch caused both Kleinco and vendors of Kleinco (which were paid by Kleinco at the direction of Gwenna Lynch) to perform certain construction services on Debtors' personal residence on an open account basis in the sum of $157,811.16. Debtors received benefits from such services in said amount which amount remains unpaid and outstanding.

12. During the term of her employment, Gwenna Lynch, individually and in concert with her husband Nicolas Lynch, wrongfully converted funds of Kleinco through various tortious and unlawful acts, including, *inter alia*, forging Kleinco checks, submitting requests for reimbursement for services that were not performed, directing vendors to submit invoices to Kleinco for expenses incurred by Defendants' or Defendants' family members, and falsifying the books and records of Kleinco through inaccurate accounting entries, improper change orders, and other methods.

13. During the Summer of 2008, audits of Kleinco's books and records revealed the Defendants' embezzlement and misappropriation of Kleinco funds.

14. Upon discovery of Defendants' improper actions, Gwenna Lynch's employment with Kleinco was terminated for cause, she was removed as a manager of Kleinco and her interest in Kleinco was terminated in accordance with the Operating Agreement.

15. To this date, Gwenna Lynch has not repaid any portion of her open account balance to Kleinco for the construction on Defendants' residence, nor has she made any restitution to Kleinco for the misappropriated funds.

16. The Defendants have knowingly and willfully converted valuable property of Kleinco for their own use and benefit at Kleinco's expense.

17. As a manager of Kleinco, Gwenna Lynch owed a fiduciary duty to Kleinco and its members. Gwenna Lynch breached her fiduciary duty to Kleinco and its members by willfully and knowingly committing tortious and unlawful acts and engaging in improper, systematic, concerted and deliberate efforts to misappropriate funds of Kleinco for the benefit of herself and Nicholas Lynch.

18. During the term of her employment, Gwenna Lynch made false and misleading representations of material fact to Kleinco and its members regarding numerous transactions, as described herein, knowing such statements were false, misleading or made recklessly and intentionally for the purpose of inducing Kleinco to provide services and/or make payments for her benefit and the benefit of Nicholas Lynch.

19. Kleinco relied upon the false representations made by Gwenna Lynch to its detriment.

20. Prior to the termination of Gwenna Lynch's employment with Kleinco, Defendants devised and implemented an improper, systematic, concerted and deliberate scheme

to misappropriate funds from Kleinco and to engage in the other and unlawful acts set forth herein.

21. As stated more fully in the State Court Case, in accordance with applicable Oklahoma law, Kleinco asserts that it is entitled to the imposition of a constructive trust on property or funds of the Defendants, including their claimed homestead located at 12925 N. 68th West Avenue, Skiatook, Oklahoma ("Real Property").  Kleinco filed a Notice of Lis Pendens on the Real Property on July 12, 2010, in the records of the Osage County Clerk.

22. In the State Court Case and in this adversary proceeding, Kleinco seeks a judgment against the Debtors, jointly and severally, for the $157,811.16 in damages on the open account balance for the construction on Defendants' residence, for damages in excess of $10,000 to be determined at trial, for the establishment of a constructive trust on the assets of the Debtors, plus compensatory and punitive damages for the Debtors' embezzlement, false representations, larceny, fraud and defalcation.

### COUNT I--Debt Obtained by Fraud
### (11 U.S.C. § 523(a)(2)(A))

23. Kleinco realleges and incorporates by reference paragraphs 1 through 22 above and further alleges and states as follows:

24. The Debtors are indebted to Kleinco in an amount in excess of $10,000.

25. The Debtors obtained the money and property that is the subject of the debt owed to Kleinco by false pretenses, false representations, and/or actual fraud.

26. Kleinco requests that the Court enter judgment determining the amount of the debt owed by the Debtors to Kleinco and determining that that the debt owed by the Debtors to Kleinco is non-dischargeable pursuant to 11 U.S.C. § 523(a)(2)(A) of the Bankruptcy Code.

## **COUNT II--Debt Procured by Embezzlement, Defalcation, or Larceny**
**(11 U.S.C. § 523(a)(4))**

27. Kleinco realleges and incorporates by reference paragraphs 1 through 26 above and further alleges and states as follows:

28. The Debtors are indebted to Kleinco in an amount in excess of $10,000 to be determined at trial.

29. The Debtors obtained the money and property that is the subject of the debt owed to Kleinco by fraud or defalcation while acting in a fiduciary capacity, embezzlement, or larceny.

30. Kleinco requests that the Court enter Judgment determining the amount of the debt owed by the Debtors to Kleinco and determining that the debt owed by the Debtors to Kleinco is non-dischargeable pursuant to 11 U.S.C. § 523(a)(4) of the Bankruptcy Code.

WHEREFORE, for the reasons set forth herein, Kleinco requests that the Court enter Judgment in its favor and against the Debtors, jointly and severally, in an amount to be determined at trial, denying the Debtors' discharge of the debt owed by the Debtors to Kleinco pursuant to 11 U.S.C. §§ 523(a)(2)(A) and 523(a)(4), for attorney fees and costs incurred in this action and the State Court Case, for a constructive trust in favor of Kleinco on the Real Property, and granting any other and further relief that is just and proper.

DATED this 9th day of January, 2012.

        Respectfully submitted,

        **HALL, ESTILL, HARDWICK, GABLE,**
          **GOLDEN & NELSON, P.C.**

By:   s/ Steven W. Soule'
        Steven W. Soulé, OBA No. 13781
        Conor P. Cleary, OBA No. 30046
        320 South Boston Avenue, Suite 200
        Tulsa, Oklahoma 74103-3706
        Telephone: (918) 594-0400
        Facsimile: (918) 594-0505
        Email: ssoule@hallestill.com

        and

        **BARROW & GRIMM, P.C.**
        Robert B. Sartin, OBA No. 12848
        110 West Seventh Street, Suite 900
        Tulsa, Oklahoma 74119
        Telephone: (918) 584-1600
        Facsimile: (918) 585-2444

        **ATTORNEYS FOR KLEINCO RESIDENTIAL CONSTRUCTION, LLC**

1336153.1:521018:01290