IN THE UNITED STATES BANKRUPTCY COURT
FOR THE NORTHERN DISTRICT OF OKLAHOMA

| | | |
|---|---|---|
| IN RE: | ) | Case No. 11-12457-M |
| | ) | (Chapter 7) |
| LYNCH, STEPHEN N. | ) | |
| LYNCH, GWENNA K. | ) | |
| | ) | |
| Debtors, | ) | |
| | ) | Adversary No. 12-01003-M |
| KLEINCO RESIDENTIAL | ) | |
| CONSTRUCTION, LLC | ) | |
| | ) | |
| Plaintiff, | ) | |
| v. | ) | |
| | ) | |
| LYNCH, STEPHEN N. LYNCH | ) | |
| LYNCH, GWENNA K. LYNCH | ) | |
| | ) | |
| Defendants, | ) | |

### MOTION TO APPROVE COMPROMISE OF CONTROVERSIES WITH BRIEF IN SUPPORT AND NOTICE OF OPPORTUNITY FOR HEARING

Patrick J. Malloy, III, Chapter 7 Trustee (the "Trustee") for the above-referenced bankruptcy estate of Stephen Nicholas Lynch and Gwenna Kay Lynch (the "Estate"), respectfully files this Motion to Approve Compromise of Controversies pursuant to Rule 9019 of the Federal Rules of Bankruptcy Procedure and Rule 9019 of the Local Rules of this Court. In support of this Motion, the Trustee states as follows:

### RELEVANT FACTS

1. Stephen Nicholas Lynch and Gwenna Kay Lynch (the "Debtors") commenced this case as a voluntary proceeding under Chapter 11 of the United States Bankruptcy Code on August 25, 2011 (the "Petition Date"). The case was subsequently converted to a proceeding

under Chapter 7 and the Trustee was subsequently appointed and continues to serve as the duly-authorized chapter 7 Trustee for the Estate.

2. On January 9, 2012, Kleinco Residential Construction, LLC, an Oklahoma limited liability company ("KRC") filed an Adversary Complaint against the Debtors (Adversary Case No. 12-01003-M) objecting to the dischargeability of debts owed to KRC by the Debtors pursuant to 11 U.S.C. §§ 523(a)(2)(A) and 523(a)(4), and Federal Rules of Bankruptcy Procedure 7001(6) (the "Adversary Proceeding").

3. The allegations contained in the Adversary Proceeding are nearly identical to allegations against the Debtors that have been asserted in a lawsuit pending in the Tulsa County District Court styled as *Kleinco Residential Construction, LLC vs. Gwenna Kay Lynch and Stephen N. Lynch*, Tulsa County Case No. CJ-2008-8160 (the "State Court Case"). KRC also filed a Notice of Lis Pendens on the below described Real Property on July 12, 2010, in the records of the Osage County Clerk.

4. On January 25, 2012, this Court entered an Order granting BOKF, N.A. d/b/a Bank of Oklahoma (the "Bank") relief from the automatic stay to enforce its lien rights against the below described Real Property but denying its request for abandonment.

5. On February 14, 2012, the Bank filed a foreclosure action against the Real Property in Osage County District Court, Case No. CJ-2012-0037 ("Foreclosure Case"). The Bank named KRC as a defendant in the Foreclosure Case because of the Notice of Lis Pendens. The Foreclosure Case is proceeding is Osage County District Court.

6. On July 18, 2012, this Court entered an Order granting KRC relief from the automatic stay to assert its constructive trust claim against the Debtors and the Real Property in

order to preserve and protect its interest in the Real Property in the Foreclosure Case. KRC has filed a crossclaim against the Debtors in the Foreclosure case.

7. In the Adversary Proceeding, the State Court Case and the Foreclosure Case, KRC seeks, among other things, a constructive trust in favor of KRC on certain real property (the "Real Property"), more particularly described as:

> A Tract of Land in the Southwest Quarter (SW/4) of Section Thirty-One (31), Township Twenty-Two (22) North, Range Twelve (12) East of the I.B. &M., Osage County, State of Oklahoma, and more particularly described as beginning 880 feet West of the center of the above described Section Thirty-One (31), thence 880 feet West; thence 1980 feet South; thence East 882.9 feet; thence North 1980 feet to the point of Beginning.
>
> The Real Property or its address is commonly known as 12925 N. 68th W. Ave., Skiatook, OK 74070.

8. On July 18, 2012, this Court entered an Order Regarding Kleinco's Objection to Debtors' Claim of Exemption ("Exemption Order"). The Exemption Order recognizes that "the Debtors' claim of exemption in the Real Property is found to be of no legal effect as to a constructive trust claim of KRC, if such constructive trust claim is established in a court of competent jurisdiction."

9. On July 16, 2012, KRC filed a Proof of Claim in this case in the total amount of $1,235,875.49, including a secured claim on the Real Property in the amount of $157,811.16 (the "KRC Claim").

10. The Trustee, the Estate and the Debtors have asserted claims against KRC and related entities and individuals, including Kleinco Commercial Construction, LLC, an Oklahoma limited liability company ("KCC"), Kleinco Construction, LLC, an Oklahoma limited liability company ("KC"), Kristin Klein Daffern ("Kristin"), Eric Daffern ("Eric"), Kenneth Klein,

individually and as Trustee of the Judi Klein Revocable Trust ("Ken"), the Judi Klein Revocable Trust (the "Judi Klein Trust"), Judi Klein ("Judi"), Kleinco Residential, LLC, an Oklahoma limited liability company ("KR"), Kleinco Properties, Inc., an Oklahoma limited liability company ("KP") and Harvard 62 Development Company, LLC, an Oklahoma limited liability company ("Harvard 62").  KRC, KCC, KC, Kristin, and Eric are collectively referred to as the "Kleinco Entities." Ken, the Judi Klein Trust, Judi, KR, KP and Harvard 62 are collectively referred to as the "Other Entities."  The Kleinco Entities and the Other Entities deny the existence or legitimacy of those claims.  The Trustee, the Estate, the Debtors, the Kleinco Entities and the Other Entities are collectively referred to as the "Parties."

## RELIEF REQUESTED

**A. Motion To Compromise Controversies Pursuant To Federal Rule of Bankruptcy Procedure 9019**

11. After extensive negotiations and a formal mediation in front of Magistrate Judge Lane Wilson, the Parties have reached a settlement of their disputes, subject to Bankruptcy Court approval, as follows (the "Proposed Settlement"):

a. The Debtors will pay the amount of One Hundred and Forty Thousand and 00/100 Dollars ($140,000.00) to KRC (the "Settlement Amount") by no later than November 21, 2012 at 12:00 p.m.

b. The Debtors, together with counsel for KRC, will (i) execute an Agreed Judgment against the Debtors in the Adversary Proceeding in favor of KRC in the amount of $1,078.064.33, which shall be nondischargable and (ii) execute an Agreed Judgment in the Foreclosure Case in favor of KRC and against the Lynches in the sum of $157,811.16 (collectively, the "Judgments").  The Judgments will not be filed and will be

returned to the Debtors if they pay the Settlement Amount in full as set forth above and after the Order approving this compromise becomes final. If the Settlement Amount is not timely paid, the Judgments will be filed in the Adversary Proceeding and the Foreclosure Case. The Debtors have agreed to waive any stay of execution or any other stay of the Judgments in the event they are filed due to the failure of the Debtors to timely pay the Settlement Amount.

  c. If the Settlement Amount is timely paid and after the Order approving this compromise becomes final, KRC will withdraw and release the KRC Claim.

  d. If the Settlement Amount is timely paid and after the Order approving this compromise becomes final, KRC will dismiss the Adversary Proceeding, the State Court Case and the crossclaims against the Debtors in the Foreclosure Case with prejudice.

  e. If the Settlement Amount is timely paid and after the Order approving this compromise becomes final, the Kleinco Entities and the Other Entities will release and waive any claims or causes of action of any kind or nature that they may have against the Debtors, the Trustee, the Estate and their successors, heirs and assigns.

  f. After the Order approving this compromise becomes final, the Trustee and the Estate will release and waive any claims or causes of action of any kind or nature that they may have against Kleinco Entities and the Other Entities.

  g. After the Order approving this compromise becomes final, the Debtors will release and waive any claims or causes of action of any kind or nature that they may have against Kleinco Entities and the Other Entities.

      h.    The Parties have executed a Settlement Agreement evidencing the terms of this compromise. The Parties will be responsible for their own attorneys' fees and costs incurred.

12.    The Proposed Settlement is beneficial to the Estate and the creditors thereof in that it provides a substantial benefit to the creditors due to the waiver of the KRC Claim and it avoids the expense and delay to all Parties associated with litigation.

13.    There is a sheriff sale set for November 27, 2012, in the Foreclosure Case of the Real Property and the Parties would like to have this Proposed Settlement finalized and approved before the sheriff sale occurs. For the reasons set forth herein, the parties request that the Court waive any stay of the Order approving this proposed compromise.

14.    Bankruptcy Rule 9019 authorizes the Court to approve compromises and settlement. Bankruptcy Rule 9019, in pertinent part, provides as follows: "(a) <u>Compromise</u>. On motion by the trustee and after a hearing on notice to creditors, the debtor and indenture trustees as provided in Rule 2002(a) and to such other entities as the court may designate, the court may approve a compromise or settlement."

15.    The decision to approve a compromise or settlement pursuant to Federal Rule of Bankruptcy Procedure 9019 is within the sound discretion of the Court. *In re Kopexa Realty Venture Co.*, 213 B.R. 1020 (10th Cir. 1997); *In re Woodson*, 839 F.2d 610 (9th Cir. 1988).

16.    In deciding whether to approve the settlement, the Court must analyze the following factors: (a) the probability of success in litigation; (b) the difficulties, if any, to be encountered in the matter of collection; (c) the complexity of the litigation involved, and the expense, inconvenience and delay necessarily attending it; (d) the paramount interest of the

creditors and a proper deference to their reasonable views in the premises. *See Kopexa Realty*, 213 B.R. 1020; *In re Justice Oaks, II Ltd.*, 898 F.2d 1544 (11th Cir. 1990).

17. In considering the elements governing the approval of a proposed compromise, this Court should not attempt to decide every issue of law or fact, nor determine whether the proposed compromise is on terms that the Court would have chosen. As stated by the Second Circuit in *In re W. T. Grant Co.*, 699 F.2d 599, 608 (2d Cir. 1983):

> In undertaking an examination of the settlement, we emphasize that this responsibility of the bankruptcy judge, and ours upon review, is not to decide the numerous questions of law and fact raised by appellants but rather to canvass the issues and see whether the settlement 'falls below the lowest point in the range of reasonableness.' (internal citations omitted).

18. For the reasons stated herein, the Trustee has determined that the Proposed Settlement is in the best interests of the Estate.

### NOTICE OF OPPORTUNITY FOR HEARING

> Your rights may be affected. You should read this document carefully and consult your attorney about your rights and the effect of this document. If you do not want the Court to grant the requested relief, or you wish to have your views considered, you must file a written response to the requested relief with the Clerk of the United States Bankruptcy Court for the Northern District of Oklahoma, 224 South Boulder, Tulsa Oklahoma 74103 no later than **14 days** from the date of the filing of this request for relief. You should also mail a file-stamped copy of your response or objection to the undersigned movant/movant's attorney [and others required to be served] and file a certificate of service with the Court. If no response or objection is timely filed, the Court may grant the requested relief without a hearing or further notice. The 14-day period includes the 3 days allowed for mailing provided for in Rule 9006(f) Fed. R. Bankr. Proc.

**WHEREFORE**, the Trustee respectfully requests that the Court approve the Motion as set forth herein and for such other relief as the Court deems just and equitable.

Respectfully submitted this 14th day of November, 2012.

        Respectfully submitted,

        /s/ Patrick J. Malloy_____
        Patrick J. Malloy, OBA #
        Malloy Law Firm
        406 S. Boulder, Ste. 400
        Tulsa, Oklahoma 74103-3800
        Telephone: (918) 551-8893
        CHAPTER 7 TRUSTEE