**IN THE UNITED STATES BANKRUPTCY COURT
FOR THE NORTHERN DISTRICT OF OKLAHOMA**

Filed/Docketed
Dec 03, 2012

| | | |
|---|---|---|
| IN RE: | ) | |
| | ) | |
| LYNCH, STEPHEN NICOLAS and | ) | Case No.  11-12457-M |
| LYNCH, GWENNA KAY, | ) | (Chapter 7) |
| | ) | |
| Debtors. | ) | |
| | ) | |
| KLEINCO RESIDENTIAL | ) | |
| CONSTRUCTION, LLC, | ) | |
| | ) | |
| Plaintiff | ) | |
| | ) | |
| v. | ) | Adv. No. 12-01003-M |
| | ) | |
| STEPHEN NICOLAS LYNCH and | ) | |
| GWENNA KAY LYNCH, | ) | |
| | ) | |
| Defendants. | ) | |

**AGREED JUDGMENT**

On this 3rd day of December, 2012, the above-referenced adversary proceeding (the "Adversary Proceeding") filed by Plaintiff Kleinco Residential Construction, LLC (the "Plaintiff" or "Kleinco") comes on for consideration before the undersigned Judge.  Upon reviewing the case file herein and finding that the parties and their counsel have agreed to the entry of this Agreed Judgment, the Court finds as follows:

1. This matter is a "core" proceeding under 28 U.S.C. § 157(b)(2)(I) as an action brought in accordance with the provision of 11 U.S.C. § 523 relating to the determination of the dischargability of particular debts.

2. This Court has jurisdiction over the parties and subject matter hereto under 28 U.S.C. § 1334.

3. Venue is proper under 28 U.S.C. § 1409.

4.      On March 14, 2006, Kleinco filed its Articles of Organization with the Oklahoma Secretary of State and became an active Oklahoma limited liability company on the same day.

5.      Pursuant to Kleinco's Operating Agreement dated March 14, 2006, Gwenna Lynch owned a 49% member's interest in Kleinco and served as a manager and employee of Kleinco.

6.      During her employment, Gwenna Lynch caused both Kleinco and vendors of Kleinco (which were paid by Kleinco at the direction of Gwenna Lynch) to perform certain construction services on Debtors' personal residence on an open account basis in the sum of $157,811.16.   Debtors received benefits from such services in said amount which amount remains unpaid and outstanding.

7.      During the term of her employment, Gwenna Lynch, individually and in concert with her husband Nicolas Lynch, wrongfully converted funds of Kleinco through various tortious and unlawful acts, including, *inter alia*, forging Kleinco checks, submitting requests for reimbursement for services that were not performed, directing vendors to submit invoices to Kleinco for expenses incurred by Defendants' or Defendants' family members, and falsifying the books and records of Kleinco through inaccurate accounting entries, improper change orders, and other methods.

8.      During the Summer of 2008, audits of Kleinco's books and records revealed the Defendants' embezzlement and misappropriation of Kleinco funds.

9.      Upon discovery of Defendants' improper actions, Gwenna Lynch's employment with Kleinco was terminated for cause, she was removed as a manager of Kleinco and her interest in Kleinco was terminated in accordance with the Operating Agreement.

10.     To this date, Defendants have not repaid any portion of the open account balance to Kleinco for the construction on Defendants' residence, nor have they made any restitution to Kleinco for the misappropriated funds.

11.     The Defendants have knowingly and willfully converted valuable property of Kleinco for their own use and benefit at Kleinco's expense.

12.     As a manager of Kleinco, Gwenna Lynch owed a fiduciary duty to Kleinco and its members.  Gwenna Lynch breached her fiduciary duty to Kleinco and its members by willfully and knowingly committing tortious and unlawful acts and engaging in improper, systematic, concerted and deliberate efforts to misappropriate funds of Kleinco for the benefit of herself and Nicholas Lynch.

13.     During the term of her employment, Gwenna Lynch made false and misleading representations of material fact to Kleinco and its members regarding numerous transactions, as described herein, knowing such statements were false, misleading or made recklessly and intentionally for the purpose of inducing Kleinco to provide services and/or make payments for her benefit and the benefit of Nicholas Lynch.

14.     Kleinco relied upon the false representations made by Gwenna Lynch to its detriment.

15.     Prior to the termination of Gwenna Lynch's employment with Kleinco, Defendants devised and implemented an improper, systematic, concerted and deliberate scheme to misappropriate funds from Kleinco and to engage in the other and unlawful acts set forth herein.

IT IS THEREFORE ORDERED THAT judgment is entered in favor of Kleinco Residential Construction, LLC, against Defendants Stephen Nicholas Lynch and Gwenna Kay Lynch, jointly and severally, for the amount of $1,078,064.33 and that this judgment shall be nondischargable by the Defendants pursuant 11 U.S.C. §§ 523(a)(2)(A) and (a)(4).

Dated this 3rd day of December, 2012.

BY THE COURT:

TERRENCE L. MICHAEL, CHIEF JUDGE
UNITED STATES BANKRUPTCY COURT

AGREED AS TO FORM AND CONTENT:

HALL, ESTILL, HARDWICK, GABLE,
GOLDEN & NELSON, P.C.

s/ Steven W. Soule'
Steven W. Soulé, OBA #13781
Conor P. Cleary, OBA #30046
320 South Boston Avenue, Suite 200
Tulsa, Oklahoma 74103-3706
Telephone (918) 594-0466
Facsimile (918) 594-0505

-and-

BARROW & GRIMM, P.C.
Robert B. Sartin, OBA No. 12848
110 West Seventh Street, Suite 900
Tulsa, Oklahoma 74119
Telephone  (918) 584-1600
Facsimile   (918) 585-2444
ATTORNEYS FOR THE PLAINTIFF

GWENNA KAY LYNCH

STEPHEN NICHOLAS LYNCH